UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KHALIA HAYSLETT                                              **CV**

                      Plaintiff,
       -against-                                          **COMPLAINT**

RHM-88, LLC AND HILTON MANAGEMENT               **JURY TRIAL REQUESTED**
LLC

                      Defendants.
------------------------------------------------------------x

## COMPLAINT

Plaintiff Khalia Hayslett (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendants RHM-88, LLC and Hilton Management LLC (together referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.    This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease,

1

lease to, operate, and control a place of public accommodation that violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is in this district.

**PARTIES**

5. Defendant RHM-88, LLC owns a hotel doing business as Millennium Hitlon Hotel New York One UN Plaza (hereinafter referred to as the "Millennium Hotel" premises).

6. Millennium Hotel occupies space in two buildings located at One United Nations Plaza and Two United Nations Plaza.

7. Nonparty United Nations Development Corporation ("UNDC") owns the building with an address of Two United Nations Plaza.

8. UNDC is a New York State public benefit corporation that develops and manages office space for the United Nations.

9. Under a ground lease from the City of New York, UNDC owns Two United Nations Plaza.

10. Two United Nations Plaza is a mixed-use property with office space on the lower 28 floors and hotel rooms above the 28th Floor.

11. UNDC subleases floors 29 through 40 of Two United Nations Plaza to Defendant RHM-88, LLC.

12. Defendant RHM-88, LLC utilizes floors 29 through 40 of Two United Nations Plaza as hotel rooms for the Millennium Hotel.

13. The building at One United Nations Plaza is a condominium known as One United Nations Plaza Condominium.

14. Defendant RHM-88, LLC owns a Condominium unit known as the Hotel Unit in the One United Nations Plaza Condominium.

3

15. In August 2017, RHM-88, LLC hired Hilton Management LLC to manage the operations of the Millennium Hotel.

16. Each defendant is licensed to and does business in New York State.

17. The Millennium Hotel has an elegant lobby that adjoins the driveway and parallels East 44th Street. The atrium-like reception area has a stepped octagonal glass dome and a seating area adjoined by marble columns of unusual design.

18. Inside the Millennium Hotel is a restaurant doing business as the Ambassador Grill & Lounge. The Ambassador Grill & Lounge has a theatrical U-shaped design with a patterned black-and-white marble floor, mirrored walls and a dramatic, vaulted, faux skylight, backed by illuminated mylar panels.

19. All times relevant to this action, Plaintiff Khalia Hayslett has been and remains currently a resident of the Brooklyn, New York.

20. At all times relevant to this action, Plaintiff Khalia Hayslett has been and remains a wheelchair user. Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

21. In 2024, Plaintiff booked a room at the Millennium Hotel with a check-in date of June 15, 2024, and check out date of June 16, 2024.

22. Plaintiff specifically booked a wheelchair accessible room with the room type category being: 1 King Bed Mobility Accessible Tub.

23. The reason for Plaintiff's stay was business. Plaintiff was meeting with people coming from California to discuss a business proposal.

24. This business meeting occurred at the Ambassador Grill & Lounge.

4

25. Plaintiff traveled through the hotel attempting to enter the Ambassador Grill & Lounge.

26. But Plaintiff observed that there were steps leading down to the entrance to the Ambassador Grill & Lounge.

27. While the Millennium Hotel has several elevators for guests, none of those elevators travel to the level where the Ambassador Grill & Lounge is located.

28. Nor does the Millennium Hotel have any signage indicating the availability of a wheelchair accessible route to the Ambassador Grill & Lounge.

29. Plaintiff asked the staff at the Millennium Hotel to determine if there was a way for her to travel to Ambassador Grill & Lounge.

30. Plaintiff was informed that a staff member of the Millennium Hotel would come and assist her.

31. Plaintiff had to wait approximately 15 minutes for this staff member to arrive.

32. The staff member of the Millennium Hotel then took Plaintiff through a circuitous and difficult route to reach the Ambassador Grill & Lounge.

33. All told, to reach the Ambassador Grill & Lounge, Plaintiff had to utilize two nonpublic elevators and travel through narrow employee only areas including through a kitchen.

34. Needless to say, Plaintiff felt humiliated and embarrassed to show up to a business meeting after travelling on this route.

35. Unfortunately, Plaintiff encountered further architectural barriers with her hotel room.

36. As described below, the bath and shower in Plaintiff's room lacked necessary wheelchair accessible features thereby making plaintiff's stay dangerous and difficult.

37. That being said, Plaintiff enjoyed many of the features of the Millennium Hotel, including its location next to the United Nations, the decor, and the great views from the room.

38. Plaintiff enjoyed her meal at the Ambassador Grill & Lounge and especially liked the decor of the restaurant.

39. Plaintiff continues to have business meetings with people from out of town and would like the opportunity to stay at the Millennium Hotel and dine at Ambassador Grill & Lounge.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

40. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Millennium Hotel premises, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

41. The Millennium Hotel premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

42. Numerous architectural barriers exist at the Millennium Hotel premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

43. Upon information and belief, the Millennium Hotel premises were designed and constructed for first possession after January 26, 1993.

44. RHM-88, LLC performed substantial alterations/renovations to the Millennium Hotel, which alterations/renovations were completed in 2016.

45. The services, features, elements and spaces of the Millennium Hotel premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

46. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Millennium Hotel premises that are open and available to the public.

47. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

48.     Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Millennium Hotel premises as well as architectural barriers that exist include, but are not limited to, the following:

I. Defendants fail to provide accessible hotel rooms. See 1991 Standards §§ 9.1 and 9.2; and 2010 Standards §§ 224 and 806.

II. Defendants fail to provide persons with disabilities the range of options equivalent to the options available to non-disabled persons. See 1991 Standards §§ 9.1 and 9.2; and 2010 Standards §§ 224.5 and 806.2.

III. Defendants fail to provide an accessible bath/shower compartment. See 1991 Standards § 4.21; and 2010 Standards § 608.

IV. Defendants fail to provide an accessible seat inside the bath/shower compartment. See 1991 Standards § 4.21.3; and 2010 Standards § 610.

V. Defendants fail to provide an accessible path of travel to enter or exit bath/shower compartment. See 1991 Standards § 4.21; and 2010 Standards § 608.

VI. Defendants fail to provide an accessible toilet room inside the designated accessible hotel room. See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

VII. Defendants fail to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to severe personal injury. See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

VIII. Defendants fail to provide that the bottom edge of the reflecting surface of the mirror above the lavatory is no greater than 40 inches above the finished floor. See 1991 Standards §§ 4.1.3(11), 4.19.6, 4.23.6, 4.22.6; and 2010 Standards §§ 213.3.4, 603.3, 213.3.5.

IX. Defendants fail to provide a wheelchair accessible path of travel to the Ambassador Grill & Lounge. See 1991 Standards § 5.4; and the 2010 Standards §§ 206.5, 206, 403.

X. Defendants fail to provide access to the Ambassador Grill & Lounge due to multiple steps leading down to the restaurant. See 1991 Standards §§ 5.4, 4.3; and the 2010 Standards §§ 206.2.5, 206, 402.2.

XI. At the inaccessible public entrance to the Ambassador Grill & Lounge, defendants do not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible entrance.  See 1991 Standards §§ 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

XII. Defendants have an inaccessible public entrance to the Ambassador Grill & Lounge and fail to provide and display the International Symbol of Accessibility at a designated accessible entrance.  See 1991 Standards §§ 4.1.2(7)(c), 4.1.6(l)(h), 4.1.3(8)(d), 4.30.1, 4.30.7, 4.30.3 and 4.30.6; 2010 Standards §§ 216.6, 703.7.2.1, 703.5; and Administrative Code § 27-292.18.

XIII. Defendants fail to provide that at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the Ambassador Grill & Lounge.  See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1; BCCNY §§ 1108.2.9.1, 1109.11; and Administrative Code § 27-292.10(3).

XIV. Defendants fail to provide a space for dining where plaintiff's wheelchair does not overlap the accessible route and/or a space that adjoins an accessible route.  See 1991 Standards §§ 4.32.2, 5.1, 5.3; and 2010 Standards §§ 305.6, 802.1.4.

XV. Defendants fail to provide a space for dining where plaintiff's wheelchair does not overlap the general circulation path and/or emergency egress routes.  See 1991 Standards §§ 5.1, 5.3, 4.32.2, 4.2.4; and 2010 Standards § 802.1.5.

XVI. Defendants fail to provide the International Symbol of Accessibility at its designated accessible seating.  BCCNY § 11010.1(9).

XVII. Defendants fail to provide dining tables and/or surfaces that are at an accessible height.  See 1991 Standards §§ 4.32.4, 5.1; and 2010 Standards § 902.3.

XVIII. Defendants fail to provide dining tables and/or surfaces that have the minimum required knee clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

XIX. Defendants fail to provide dining tables and/or surfaces that have the minimum required toe clearances.  See 1991 Standards §§ 4.32.3, 5.1; and 2010 Standards §§ 305.4, 306.

49. Upon information and belief, a full inspection of the Millennium Hotel premises will reveal the existence of other barriers to access.

50. As required by the ADA (remedial civil rights legislation) to properly

remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Millennium Hotel premises to catalogue and cure all the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

51. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

52. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications for persons with disabilities.

53. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Millennium Hotel premises continue to exist and deter Plaintiff.

54. Plaintiff intends to patronize the Millennium Hotel premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

55. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Millennium Hotel premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

56. Plaintiff intends to patronize the Millennium Hotel premises several times a year as "tester" to monitor, ensure, and determine whether the Millennium Hotel premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

57. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility and has restricted use of arms and hands.

59. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

60. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. 36.201(b).

61. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is a person with a disability. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

62. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

11

63. Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

64. The Millennium Hotel premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

65. Defendants failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

66. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

67. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

68. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

69. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

70. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

71. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

72. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

73. Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has from a disability within the meaning of the Executive Law § 296(21).

74. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

75. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

76. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

77. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants has aided and abetted others in committing disability discrimination.

78. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

79. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

80. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

81. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

82. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, embarrassment, stress, and anxiety.

83. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

84. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

85. Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

86. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants has aided and abetted others in committing disability discrimination.

87. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

88. Defendants have discriminated and continue to discriminate against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

89. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

90. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

91. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

92. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

93. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

94. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL.  Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.  Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

95. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including, but not limited to, humiliation, stress, and embarrassment.

96. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

97. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

98. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

99. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

100. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

101. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

102. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

103. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each violation.

104. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

105. Plaintiff will continue to experience unlawful discrimination because of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

106. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

107. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

    A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

    B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including, but not limited to, the violations set forth above;

    C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

    D. Award Plaintiff compensatory damages and nominal damages because of Defendants' violations of the NYSHRL and the NYCHRL;

    E. Award Plaintiff punitive damages to punish and deter the Defendants for their violations of the NYCHRL;

    F. Award Plaintiff the monetary penalties for each violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

    G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

      H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: January 28, 2025
       New York, New York

                      Respectfully submitted,

                      **THE PARKER LAW GROUP P.C.**

By: _____
           Glen H. Parker, Esq.
           Attorneys for Plaintiff
           28 Valley Road
           Montclair, New Jersey 07042
           Telephone: (347) 292-9042
           Email: ghp@parkerlawusa.com